James L. FERRERO, Plaintiff,

v.

AMIGO, INC., and Amigo,
L.P., Defendants.

Civ. A. No. 87–2525–S.

United States District Court,
D. Kansas.

Dec. 14, 1988.

Edward A. McConwell, Keith R. Lyman, The Law Firm of Edward A. McConwell, Overland Park, Kan., for plaintiff.

H. David Barr, Albert F. Kuhl, Overland Park, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants' motion for summary judgment. Defendants also seek to amend the pretrial order. Plaintiff is a former employee of defendants and he brought this action to recover overtime and vacation pay to which he claims he is entitled. The uncontroverted facts for purposes of this motion are as follows.

On May 8, 1986, plaintiff sent a letter to a representative of defendants, seeking employment. In that letter, he offered to oversee maintenance at the Kansas City Merchandise Mart located in Overland Park, Kansas. He requested a yearly contract with a thirty day clause of release enabling either party to cancel. He offered to work five eight-hour days a week, with two one-week vacations. He offered to be employed for a yearly salary of $31,200, plus benefits including insurance, social security, truck mileage and uniforms. He offered to work any time over forty hours per week at the rate of $17.50 per hour.

After receiving plaintiff's letter, defendants contacted plaintiff and offered the position of building supervisor to him for an annual salary of $30,000. When plaintiff inquired about overtime, defendants' representative told him that he would not be required to work over forty hours a week and that there would be no overtime. Plaintiff accepted employment and worked for defendants from June 9, 1986 through September 22, 1987. At various times throughout his employment with defendants, plaintiff was required to work more than forty hours a week. He kept a log of his overtime work, along with a record of the times he worked less than forty hours a week. Plaintiff never submitted a written request for overtime pay. However, he did orally request overtime pay several times throughout his tenure. Upon termination of his employment, plaintiff sought two weeks' vacation pay and compensation for all overtime worked, less time off. He argues that the letter dated May 8, 1986, and defendants' representative's actions in response to that letter constituted a con-

tract between the parties. Defendants now seek summary judgment and ask the court to find as a matter of law that any overtime pay to which plaintiff will be entitled, if any, shall be calculated according to the "fluctuating work week" method set out in 29 C.F.R. § 778.114(a). They also seek summary judgment on plaintiff's contract claim, alleging that no contract arose out of the May 8, 1986 letter.

■■■ A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). An issue of fact is "material" only when the dispute is over facts that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir. 1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985). The language of Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

■■■ The court will first address plaintiff's contract claim. An offer communicated to the offeree creates a power to accept that offer and only that offer. Any response which changes the terms of that offer in any material respect is not an acceptance but only a counteroffer. No contract exists between the parties until the counteroffer is accepted by the original offeror. *Steele v. Harrison*, 220 Kan. 422, 428, 552 P.2d 957, 962–63 (1976). The May 8, 1986 letter constituted an offer by Ferrero to defendants. However, a response from defendants' representative to that offer changed a material term: the amount of yearly salary was reduced. Therefore, that communication was not an acceptance of the original offer, but instead was a counteroffer. When plaintiff finally agreed to work for $30,000 a year, for no more than forty hours a week, this was the final and only agreement between the parties. No agreement was reached in regard to vacation pay, rate of pay, rate of overtime pay, or other terms and conditions of employment. Since no contract existed between the parties other than that addressing the yearly salary and maximum number of hours to be worked per week, defendants' motion for summary judgment on plaintiff's breach of contract claim will be granted.[1]

Defendants next contend that any overtime pay to which plaintiff is entitled should be calculated according to the "fluctuating work week" formula set out at 29 C.F.R. 778.114(a). That formula applies when "there is a clear, mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each work week, whatever their number." 29 C.F.R.

---

1. Plaintiff apparently attempts to argue that an implied contract existed based upon the conduct between the parties throughout his term of employment. He offers as an example the fact that defendants paid his insurance, social security and uniform costs as he originally proposed in his May 8, 1986 letter; this he says is evidence that defendants indeed assented to the other terms of the May 8, 1986 letter. Plaintiff has failed up to this point to plead a cause of action based on a theory of implied contract. He has only argued that his letter constituted an express contract. To the extent he now seeks to amend his complaint, the request will be denied as untimely. Summary judgment is being granted on his express contract claim because the necessary elements of offer and acceptance have not been met.

§ 778.114(a). Defendants contend that the uncontroverted facts show the parties had a clear understanding that plaintiff would be working a "fluctuating work week" and that his salary would compensate him for all hours worked. They offer, in support of their contention, the fact that he never submitted a statement of overtime to his employer; they contend this evidence unquestionably shows he consented to the arrangement.

The court does not agree. There is evidence to show plaintiff periodically asked to be compensated for overtime, but was refused. There is no requirement that an employee submit a formal written statement of overtime in order to be compensated. Furthermore, the uncontroverted facts show that the clear understanding between the parties was that the salary would compensate plaintiff only for hours worked up to forty hours per week. At the time plaintiff was offered the job, he asked about overtime and defendants' representative responded that he would work no more than forty hours a week. This manifested an intent on the part of the employer that the $30,000 salary would compensate plaintiff for no more than forty hours a week. Therefore, the court rejects defendants' contention that the formula set out at 29 C.F.R. § 778.114(a) should apply to these proceedings. Summary judgment on this point shall be denied.

Defendants have sought to amend the pretrial order to add legal theories in defense of the claims made against them by plaintiff and to correspondingly supplement the issues of fact and issues of law which currently appear in the pretrial order. Defendants' motion addresses defendants' contention that the "fluctuating work week" formula should apply to this case. Although the court has denied defendants' motion for summary judgment on that point, it has not correspondingly granted plaintiff summary judgment on that point as no such motion is currently pending before the court. Therefore, at this point, the motion to amend the pretrial order will be granted to include the defense set out in defendants' motion.

IT IS BY THE COURT THEREFORE ORDERED that defendants' motion for summary judgment shall be granted in part and denied in part, as more fully set out in this Memorandum and Order. IT IS FURTHER ORDERED that defendants' motion to amend the pretrial order is granted. The pretrial order is hereby amended by interlineation to include those amendments set out in defendants' motion.